IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON PATRICK, as Administratrix of the ESTATE OF ARQUIMIDES MANUEL FLORES, deceased, 2337 Boas Street Penbrooke Borough, Pennsylvania 17103 | : : : Civil No. _____ : : : |
| Plaintiff | : |
| vs. | : JURY TRIAL DEMANDED : |
| DUTCH MAID LOGISTICS, INC. d/b/a DUTCH MAID 3377 US Highway 224 East Willard, Ohio | : : : : : |
| AND | : : |
| DOUG A. JONES, 991 Yale Avenue Mansfield, Ohio 44905 | : : : |
| Defendants | : (ELECTRONICALLY FILED) : |

## COMPLAINT

The Plaintiff, Shannon Patrick, Administratrix of the Estate of Arquimides M. Flores, deceased, by and through her attorneys, Dougherty, Leventhal & Price, LLP, complain against the above-named Defendants as follows:

1

## I. BACKGROUND

1. The Decedent, Arquimides M. Flores, (hereinafter, "Flores") was born on November 7, 1984 and died on July 2, 2018 after a motor vehicle accident.

2. At the time of his death, Flores was engaged to Shannon Patrick the Administratrix of the Estate. The couple resided at 2337 Boas Street, Penbrooke Borough, Dauphin County, Pennsylvania 17103. Flores and Patrick resided at that address with their two daughters, Arianna Flores and Adalyn Flores, both of whom are minor children.

3. Flores was the primary source of financial support for his family. A veteran of the military, at the time of his death, Flores was operating as an over-the-road truck driver as an independent owner/operator under the authority of Transcorps Enterprises, Inc.

4. On July 16, 2018, the Register of Wills in and for the County of Dauphin, Pennsylvania, opened an Estate for Arquimides M. Flores to Estate No. 2218-0614 and appointed Shannon Patrick as the Administratrix of the Estate.

5. The Corporate Defendant, Dutch Maid Logistics, Inc., d/b/a Dutch Maid, (hereinafter, "Dutch Maid") operates as an interstate motor carrier hauling general freight with an emphasis on refrigerated food offering its services throughout the Eastern and Midwestern United States and portions of Canada. Upon information

and belief, the Corporate Defendant was incorporated in the State of Ohio and maintains its principal place of business at 3377 US Highway 224 East, Willard, Ohio 44890-0365.

6. The Defendant, Doug A. Jones, (hereinafter "Jones") who was operating a tractor with an attached semi-trailer unit owned by Dutch Maid at the time of the accident, resides at 991 Yale Avenue, in the city of Mansfield, State of Ohio, 44905. At all times relevant hereto continuing to the present, Jones is a resident and citizen of the State of Ohio.

## II. JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this civil action involves a controversy between entities and/or citizens of different states and the amount in controversy exceeds $75,000 dollars. Venue is proper in the United States District Court for the Middle District of Pennsylvania insofar as the events giving rise to the claim occurred in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## III. THE COLLISION OF JULY 2, 2018

8. At approximately 2:21 p.m. on Monday, July 2, 2018, Flores was operating a tractor pulling a trailer on Interstate 81 (I-81) in the southbound lanes in the right lane of travel in the approximate location of mile marker 86.5 in East

Hanover Township, Lebanon County, Pennsylvania.

9. Flores pulled his power unit and trailer completely off of the travel portion of I-81 onto the berm; to the right of the fog line. No portion of either his tractor or trailer was on the travel portion of the roadway.

10. Flores exited his vehicle to inspect a problem with one of the rear tires on the trailer that he was pulling.

11. At the same time and place, the Defendant Jones was operating a tractor and trailer owned by the Defendant Dutch Maid in the southbound lanes of I-81 north of mile marker 86.5.

12. Jones was performing his job duties for Dutch Maid and was proceeding within the course and scope of his employment and was acting as the employee, agent and/or servant of Dutch Maid at the time of the accident. Moreover, Jones was within the control of Dutch Maid at the time of the incident.

13. Jones who was seventy-eight (78) years of age at the time of the accident, operated his tractor and trailer in an erratic fashion for some period of time as he was approaching mile marker 86.5 on Interstate 81.

14. Flores after stopping his tractor trailer on the southbound berm of Interstate 81 in the area of mile marker 86.5 was inspecting the rear tires of the trailer he was hauling. He was standing to the rear of the trailer on the southbound

berm of I-81.

15. Jones as he approached mile marker 86.5 was observed moving in and out of the right lane onto the right berm of the southbound lane of Route 81 on numerous occasions. As Jones came upon the location where Flores was standing behind his trailer on the berm of the roadway, Jones lost control of his unit and again crossed onto the berm of the southbound lanes of I-81 and violently struck Flores resulting in his death.

16. After impacting Flores, the tractor and trailer that Jones was operating continued to travel on the southbound berm striking the rear of the trailer that Flores had been inspecting.

17. The force of the impact with the rear of Flores' trailer caused the trailer on the Dutch Maid unit to break away from the Dutch Maid power unit and to continue on the southbound berm of I-81.

18. The conduct of Jones as it relates to the collision as outlined above was outrageous, malicious, wanton and oppressive. Jones operated the Dutch Maid tractor and trailer northbound of the accident scene in a fashion that it was drifting in and out of the right hand southbound travel lanes onto the berm of Interstate 81.

19. Jones' conduct as described constituted a reckless indifference to the

rights and safety of the motoring public including Flores and should have resulted in his subjective appreciation of harm that he could cause to the motoring public. This conduct warrants and award of punitive damages against Jones.

20. The collision caused multiple blunt force and catastrophic injuries to Flores, ultimately resulting in his death. The Defendant Jones acted in a negligent, reckless and wanton manner including, but not limited too, the following:

a) causing or allowing the power unit and semi-trailer that he was driving in the southbound lanes of I-81 in the vicinity of mile marker 86.5 to leave the southbound lanes of travel, veer onto the berm and violently collide with Archie Flores who was situated completely within the berm at the time that he was struck;

b) in continuing to operate his tractor and fully loaded trailer in a careless, reckless, and unsafe manner when eye witness accounts established that for a period of time prior to the accident Jones had been leaving the travel portion of the southbound right-hand lane of I-81 and traveling on and off the berm in violation of 75 Pa. C.S. §3714(b) (careless driving) and 75 Pa. C.S. §3736(a) (reckless driving);

c) upon information and belief, driving the Dutch Maid truck on I-81 at


a speed greater than what was reasonable and prudent under the conditions with respect to the presence of Flores and his disabled vehicle on the side of the roadway in violation of 75 Pa. C.S. §3361;

d) in failing to keep the Dutch Maid truck under constant control as evidenced by the statements of eye witnesses that for a period of time north of the accident scene Jones was veering on and off the travel portion of the roadway due to either exhaustion, inattentiveness, or fatigue;

e) being inattentive, failing to keep a proper lookout and failing to observe and avoid Flores and the trailer that Flores was inspecting, both of which were in plain view of Jones;

g) continuing to wilfully operate the Dutch Maid power unit when he should have had a subjective awareness that by veering on and off the roadway he was incapable of safe driving at the time of the subject accident;

h) in driving the Dutch Maid power unit with a careless disregard for the safety of Flores in violation of 75 Pa. C.S. §3714; and

i) driving the Dutch Maid power unit with a willful and/or reckless and wanton disregard for the safety of Flores in violation of 75 Pa. C.S.

§3736.

21. As a direct and proximate result of the agency and employment relationship which existed between Defendant Jones and Defendant Dutch Maid, Defendant Dutch Maid is vicariously liable for the negligence, carelessness and gross recklessness of its agent, servant, workman and/or employee Defendant Jones.

### IV.  COUNT I- WRONGFUL DEATH

**Shannon Patrick, Administratrix of the Estate of Arquimides M. Flores, deceased vs. Dutch Maid Logistics, Inc., and Doug A. Jones**

22. The Plaintiff hereby incorporates paragraphs 1 through 23 of the Complaint as though the same were set forth at length.

23. The Decedent, Arquimides M. Flores, is survived by his fiancee Shannon Patrick and their two daughters, Arianna Flores and Adalyn Flores.[1] Arquimides M. Flores – two minor daughters, Arianna Flores and Adalyn Flores, are entitled to recover damages resulting from Flores death pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S. §8301.

24. By reason of the death of Arquimides M. Flores, his children have incurred claims, damages for all medial, funeral, burial and estate administration

---

[1] Plaintiff recognizes that under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. §8301 that Shannon Patrick is not a statutory heir to recover under Pennsylvania law.

expenses as well as for the contributions the Decedent would have made to his survivors during his lifetime, for the maintenance, guidance, support and comfort that the Decedent would have provided to them and for any and all other losses and/or damages allowed by Pennsylvania law. The Decedent, Arquimides M. Flores, did not institute any action in his lifetime for personal injuries arising out of the collision.

WHEREFORE, Plaintiff, Shannon Patrick, Administratrix of the Estate of Arquimides M. Flores, deceased, hereby requests that the Court award compensatory damages in excess of $75,000 dollars, delay damages pursuant to Pennsylvania Rule of Civil Procedure 238 and recoverable costs associated with the institution of this ligation.

## V. COUNT II – SURVIVAL ACTION

**Shannon Patrick, Administratrix of the Estate of Arquimides M. Flores, deceased vs. Dutch Maid Logistics, Inc., and Doug A. Jones**

25. The Plaintiff hereby incorporates paragraphs 1 through 26 of the Complaint as though the same were set forth at length.

26. Plaintiff Shannon Patrick brings this action on behalf of the Estate of Arquimides M. Flores, pursuant to the Pennsylvania Survival Act, 42 Pa. C.S. §8302 and claims on behalf of the Estate all damages recoverable under

Pennsylvania Law including but not limited to, the physical pain and suffering that Arquimides M. Flores endured prior to his death, the loss of earnings and earning capacity suffered by Flores and the total limitation and deprivation of the activities, pursuits, and pleasures that Flores would have experienced had he lived out the duration of his normal life expectancy.

WHEREFORE, Plaintiff Shannon Patrick, Administratrix of the Estate of Arquimides M. Flores, deceased, hereby requests that the Court award her compensatory damages in excess of $75,000 dollars, punitive damages, delay damages pursuant to Pennsylvania Rule of Civil Procedure 238 and the costs associated with the institution of this litigation.

    Respectfully submitted,

    DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

    By:   s/Patrick E. Dougherty, Esquire
            Patrick E. Dougherty, Esquire
            Attorney ID # 15812

    By:   Joseph G. Price, Esquire
            Joseph G. Price, Esquire
            Attorney ID # 32309

    By:   s/Sean P. McDonough
            Sean P. McDonough, Esquire
            Attorney ID # 47428

                Attorney for Plaintiffs
                75 Glenmaura National Blvd.
                Moosic, PA 18507
                Phone (570) 347-1011
                Fax (570) 347-7028
                pdougherty@dlplaw.com
                jprice@dlplaw.com
                smcdonough@dlplaw.com