# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON PATRICK,<br><br>    Plaintiff<br><br>v.<br><br>DUTCH MAID LOGISTICS, INC., et al<br><br>    Defendants | CIVIL ACTION NO. 1:18-CV-2166<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## ORDER

**AND NOW,** this 14th day of June, 2019, on the issues raised in the correspondence submitted on June 10, 2019 (Doc. 24), and having heard from the parties during the telephonic status conference on June 13, 2019, **IT IS ORDERED** that:

1. Within 14 days of this Order, Defendants shall file amended responses to Plaintiff's interrogatories and requests for production of documents in accordance with Federal Rule of Civil Procedure 26.

2. Plaintiffs also seek to have this Court order the production of Dutch Main employees, Michael Polachek and Stewart Myers, for deposition. On this issue, Defendants submit that there is no basis for these depositions as the only allegations of negligence in the complaint are against Doug Jones and the only claim against Dutch Maid is for vicarious liability as Jones's employer. Although Rule 26 establishes a liberal discovery policy and the issues at stake in this matter are serious,[1] Defendants' position that discovery is not meant to be a fishing expedition for potential claims or defenses is well taken,[2] as is Defendants' position that the depositions would not produce any testimony relevant to the claims in this case. Equally

---

[1] See Fed. R. Civ. P. 26(b)(1); *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226-27 (M.D. Pa. 2014).

[2] See *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, No. 2:12-CV-02981-ES-JAD, 2013 WL 6858956, at *2 (D.N.J. Dec. 23, 2013), *aff'd*, No. CIV.A. 12-2981 ES, 2014 WL 3573339 (D.N.J. July 21, 2014), and *aff'd sub nom. Robinson v. Horizon Blue Cross Blue Shield of New Jersey*, 674 F. App'x 174 (3d Cir. 2017).

important, though, is the broad nature of discovery permitted under the Federal Rules of Civil Procedure, the seriousness of the claims in this matter, and Plaintiff's assertion that other discovery establishes that Polachek and Myers may have information relating to the underlying facts and in support of these claims. In order to better assess both the benefit of the proposed depositions, the good cause for precluding the depositions, and Court invites the parties to submit briefs addressing whether the requests to depose these individuals satisfies the requirements of Rule 26(b)(1),[3] and whether there is good cause to preclude these depositions under Rule 26(c).[4] See *Pegley v. Roles*, No. CV 17-732, 2018 WL 572093, at *1 (W.D. Pa. Jan. 26, 2018).[5]

Each party should submit to the Court any briefs and other supporting documents on this issue on or before **Wednesday, June 19, 2019**. If the parties wish to submit any responsive briefs, they may do so on or before **Friday**, **June 21, 2019**.

**Dated: June 14, 2019**              *s/ Karoline Mehalchick*
                                       **KAROLINE MEHALCHICK**
                                       **United States Magistrate Judge**

---

[3] Rule 26(b)(1) states, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

[4] Rule 26(c) authorizes that, "for good cause," a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

[5] In *Pegley*, a tractor-trailer vehicular accident case, the court denied a motion for a protective order, allowing the deposition of the safety administrator of the defendant transportation company and employer of the defendant driver. The claims against the defendants sounded in vicarious liability **and** negligence of the defendant employer. The court found that the deposition should be allowed, despite defendants' arguments that the administrator did not have any first-hand knowledge of the underlying facts relating to this matter; that he did not have any involvement in the hiring, training, or supervision of the drive; and that other individuals may be better able to testify as to the relevant facts in the case. In reaching that conclusion, the Court considered the factors under both Rule 26(b)(1) and Rule 26(c), and also considered the documents and other exhibits.